**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **FRANCISCO GARCIA, and** | ) | |
| **GREGORIO LOPEZ,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:10-01069** |
| | ) | **Judge Sharp** |
| **ISA CONWAY d/b/a** | ) | |
| **C & M CONSTRUCTION,** | ) | |
| **Defendant.** | ) | |

**ORDER**

On October 11, 2011, this Court entered an Order (Docket No. 21), directing that Judgment be entered in favor of Plaintiffs and against the Defendant in this action seeking unpaid wages and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"). In addition to setting forth the monetary award to be paid each Plaintiff, the Court ruled that Plaintiffs were entitled to their reasonable attorney's fees. (Id. at 2). Plaintiffs have now filed a "Motion for Attorney's Fees and Costs"[1] (Docket No. 22), to which no opposition has been filed.

Under the FLSA, "the court in such actions shall, in addition to any judgment awarded to the plaintiff or the plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and the costs of the action." 29 U.S.C. § 216(b). "[A]n award of attorney fees under § 216(b) is mandatory but the amount awarded is within the discretion of the district court." United Slate Local 307 v. G & M Roofing and Sheet Metal Co., 732 F.2d 495, 501 (6th Cir. 1984)

---

[1] The request for costs is a matter for the Clerk of the Court to initially determine, and Plaintiffs have filed with the Clerk a Bill of Costs. (Docket No. 29) Accordingly, the Court does not now consider the cost request.

The FLSA does not define how fee determinations should be made. However, because 29 U.S.C. § 216(b) indicates that fees should be reasonable, the Sixth Circuit has indicated that the Court should make a "lodestar" calculation (number of hours reasonably spent multiplied by the reasonable hourly rate), and "that amount may then be adjusted upwards or downwards, as the district court finds necessary under the circumstances of the particular case." <u>Moore v. Freeman</u>, 355 F.3d 558, 565-566 (6th Cir. 2004).

In this case, Plaintiffs seek fees in the amount of $5,047.50 for the time spent through the entry of Judgment. This is based upon 15.9 hours of attorney work at $300.00 per hour, plus 3.75 hours of paralegal work at $75.00 per hour. The Court finds that both the number of hours claimed and the hourly rates are reasonable.

In doing so, the Court notes that Plaintiffs' request for fees is close to the $5,688.00 awarded to the Plaintiffs. That fact, however, does not lead the Court to conclude that the fee amount should be reduced. After all, "[t]he purpose of the FLSA attorney's fees provision is to 'insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances,'" and, therefore, "'[c]ourts should not place an undue emphasis on the amount of plaintiff's recovery[.]'" <u>Farmer v. Ottawa County</u>, 2000 WL 420698 at *7 (6th Cir. 2000)(citations omitted).

In addition to an award of attorney's fees for the time spent obtaining a Judgment, Plaintiffs request an additional $151.42 for the time and effort spent in preparing the fee petition. The amount requested is reasonable, representing 3% of the initial award of attorney's fees. <u>See</u>, <u>Auto Alliance, Inc. v. United States Customs Serv.</u>, 155 Fed. Appx. 226, 229 (6th Cir. 2005) ("general rule is that, in the absence of unusual circumstances, the 'fees for fees' recovery should not exceed three percent

of the hours in the main case which is decided without a trial") .

Accordingly, Plaintiffs' Motion for Attorney's Fees is hereby GRANTED and Plaintiffs are hereby AWARDED attorney fees in the amount of $5,198.92.

It is SO ORDERED.

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE